# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS
WESTBOROUGH DISTRICT COURT

WORCESTER, SS.                          DISTRICT COURT DEPARMENT
                                        SMALL CLAIMS DIVISION

```
                                    )
JOACHIM KRIEGEL,                    )
Plaintiff(s)                        )
                                    )
v.                                  )        Docket No. 2067SC448
                                    )
RYAN BELL AND MIDLAND CREDIT        )
MANAGEMENT, INC.                    )
Defendant(s)                        )
                                    )
```

## COMPLAINT

Plaintiff, JOACHIM KRIEGEL, by his undersigned counsel, hereby alleges as follows:

1. The Plaintiff, JOACHIM KRIEGEL, is an individual residing in the Commonwealth of
   Massachusetts, at 225 Flanders Rd, Westborough, MA 01581.

2. The Plaintiff owns and operates a small business, AMI Healthcare, Inc., located at 44
   Bearfoot Road, Suite 200, Northborough, MA 01532.

3. The Defendant, RYAN BELL, is the Chief Executive Officer of the entity known as
   MIDLAND CREDIT MANAGEMENT, Inc. and is based at 350 Camino De La Reina,
   Suite 300, San Diego, CA 92108.

4. The Defendant, MIDLAND CREDIT MANAGEMENT, INC., is a debt collection and debt
   buying business entity with its principal office at 350 Camino De La Reina, Suite 300, San
   Diego, CA 92108.

5. In or about February 2019, the Defendant began reporting to consumer credit agencies that
   the Plaintiff allegedly owed a credit card debt in the amount of $3,182 going back to July

1

2018, and that it had purchased this debt, which it stated on the credit reports to major credit bureaus, including but not limited to Experian, Equifax, FICO, and TransUnion. Exhibit 1.

6. The Defendant began declaring this debt as "charged off" as of December 2019 and made repeated charge offs in December 2019, January 2020, February 2020, March 2020, April 2020, May 2020, June 2020, July 2020, August 2020, and September 2020. Id.

7. The Plaintiff was not aware of the Defendant's reporting of this purported debt on the Plaintiff's credit reports and the damage to his credit standing as a result as he had not checked his credit reports.

8. In May 2020, Plaintiff attempted to apply for an Economic Injury Disaster Loan ("EIDL") in the amount of several thousand dollars from the Small Business Administration, due to the COVID-19 Pandemic, which had impacted his business, AMI Healthcare, Inc.

9. On June 2, 2020, the Small Business Administration rejected the Plaintiff's application for an EIDL due to credit problems, which were at least in part caused by the Defendant's reporting of this unverified alleged debt. Exhibit 2.

10. Plaintiff discovered the Defendant's entries on his credit reports shortly thereafter after receiving debt collection phone calls from the Defendant.

11. On June 22, 2020, the Plaintiff sent the Defendant a letter by Certified Mail in response to receiving multiple debt collection calls. The letter demanded that the Defendant cease contacting the Plaintiff by phone and to provide proof of ownership of the debt or otherwise remove this alleged debt from his credit report. Exhibit 3.

12. Defendant never replied to the June 22 letter and never verified its ownership of the debt, only sending out a standard form debt collection notice that did not address the letter sent on June 29, 2020.

2

13. On July 12, 2020, Plaintiff again sent a letter requesting debt validation to the Defendant by Certified Mail. Plaintiff did not verify ownership of the debt or respond at all to the Defendant within the required thirty (30)-day period as established by state and federal laws and did not otherwise ever respond to this letter.  Exhibit 4.

14. On August 24, 2020, Plaintiff's attorney sent a 30-Day Demand Letter (M. G. L. c. 93A Demand) to the Defendant's Headquarters in San Diego, CA notifying the Defendant of its violations under state and federal debt collection laws, and demanding that it cease reporting this debt and pay damages to the Plaintiff in the amount of $8,000.00.  This letter was certified as received by the Defendant on August 28, 2020. Exhibit 5.

15. Plaintiff sent a follow up letter with a copy of the original letter by Certified Mail to the Defendant's Michigan office on September 1, 2020, which was certified as received on September 9, 2020.  Exhibit 5; Exhibit 6.

16. Defendant never responded to either letter.  Nevertheless, the Defendant continued reporting the bad debt through September 2020.

17. On or about September 17, 2020, the credit bureaus finally removed the false entries from Plaintiff's credit reports after a successful dispute by the Plaintiff.  Exhibit 1.

18. As of the time of this filing, the Defendant has still not responded to the Plaintiff's Demands for Relief, which were sent on August 24, 2020 and September 1, 2020.

19. Defendant harmed Plaintiff by damaging his credit as a result of this false reporting of this unverified debt to the credit reporting agencies.

20. Defendant harmed Plaintiff by damaging his credit so that the Small Business Administration denied his application to receive economic relief through an EIDL. Plaintiff is entitled to damages as set forth below.

3

## LEGAL CLAIMS

### COUNT I
(VIOLATION OF CHAPTER 93A OF THE MASSACHUSETTS CONSUMER PROTECTION ACT)

21. Paragraphs 1-18 are repeated and incorporated herein by reference.

22. The Defendant's reporting of an unverified debt that it had no proof of ownership of and no information to substantiate, and its failure to validate the debt as requested constitute unfair or deceptive acts or practices in violation of the Massachusetts Consumer Protection Act, Chapter 93A.

23. M. G. L. c. 93A § 2 entitles the Plaintiff to actual damages, double or treble damages, interest, costs, and attorney's fees, in addition to relief provided under the other stated statutes.

### COUNT II
(VIOLATION OF THE 940 C.M.R. 7.06, 7.07, AND 7.08 OF THE MASSACHUSETTS ATTORNEY GENERAL'S OFFICE'S REGULATIONS REGARDING DEBT COLLECTION)

24. Paragraphs 1-18 are repeated and incorporated herein by reference.

25. The Defendant's reporting of an unverified debt that it had no proof of ownership of and no information to substantiate is a violation of 940 C.M.R. 7.06 and 7.07.

26. The Defendant's failure to validate the debt within the specified period and as specified in the regulation is a violation of 940 C.M.R. § 7.08.

27. 940 C.M.R. of the Massachusetts Attorney General's debt collection regulations entitles the Plaintiff to actual damages, statutory damages up to $1,000.00, interest, costs, and attorney's fees under M. G. L. c. 93A § 2.

### COUNT III
(VIOLATION OF §§ 807(2)(A) AND 809 OF THE FAIR DEBT COLLECTION PRACTICES ACT)

4

1. Paragraphs 1-18 are repeated and incorporated herein by reference.

2. The Defendant's reporting of an unverified debt that it had no proof of ownership of and no information to substantiate is a violation of § 807(2)(A) of the Fair Debt Collection Practices Act.

3. The Defendant's failure to validate the debt within the specified period and as specified in the regulation is a violation of § 809 of the Fair Debt Collection Practices Act.

4. § 813 of the Fair Debt Collection Practices Act entitles the Plaintiff to actual damages, statutory damages up to $1,000.00, interest, costs, and attorney's fees.

## COUNT IV
### (VIOLATION OF THE FAIR CREDIT REPORTING ACT OF 1970)

5. Paragraphs 1-18 are repeated and incorporated herein by reference.

6. The Defendant's willful, knowing and negligent reporting of unverified debt that it had no proof of ownership of and no information to substantiate is a violation of §§ 616 and 617 of the Fair Credit Reporting Act of 1970, 15 U.S.C. § 1681.

7. §§ 616 and 617 of the Fair Credit Reporting Act entitle the Plaintiff to actual and statutory damages up to $1,000.00, punitive damages, costs, and attorney's fees.

5

## REQUEST FOR RELIEF

WHEREFORE, the Plaintiff, JOACHIM KRIEGEL, respectfully requests that the court enter the following:

1. Judgment for the Plaintiff on all counts stated above; and

2. Actual damages to be determined by the court, but no less than $7,000.00; and

3. All available Statutory Damages; and

4. All available Treble Damages; and

5. Any available Punitive Damages, including but not limited to those under the Fair Credit Reporting Act; and

6. Interest; and

7. Costs; and

8. Attorney's Fees; and

9. Any other and further relief as deemed appropriate by the Honorable court.

Respectfully Submitted,

JOACHIM KRIEGEL,

By his Attorney,

Matthias P. Kriegel, Esq., BBO # 698797
225 Flanders Rd
Westborough, MA 01581
Tel: 508-808-5645
Email: Matthias.kriegel@gmail.com

Date: October 13, 2020

6